## DAMSGUARD, Assignee, etc., v. GUNNOLDSON.

### No. 9718; August 22, 1885.

#### 7 Pac. 772.

**Demurrer—Error in Overruling—Specification.**—Where No Demurrer Appears in the transcript, the overruling of the demurrer to the complaint, specified as error, will not be considered on appeal.

**Evidence—Wrongful Admission.**—A Reversal is not Warranted by the Admission without prejudice to the appellant of immaterial or incompetent evidence.

APPEAL from Superior Court, Placer County.

Jo. Hamilton and J. E. Prewett for appellant; J. M. Fulweiler and Hale & Craig for respondent.

FOOTE, C.—This is an appeal from a judgment and from an order denying a motion for new trial. The plaintiff is the assignee of one Phillip Lang, who had been adjudged an insolvent, under the act of April 16, 1880, of the legislature of California. The assignee claimed in the action brought by him against Gunnoldson, that the insolvent, Lang, in contemplation of insolvency, and with a view to defraud his creditors, had conveyed certain pieces of real property to Gunnoldson, and that Gunnoldson, upon application duly made for the restitution and possession of the property, had refused to either make a conveyance of it to the assignee or to give him possession of the same, and that Gunnoldson had kept possession thus wrongfully of a certain sawmill and tract of land on which it stood, and had prevented, by his acts of pretended ownership, the assignee from getting possession of a large number of saw-logs lying and being on the mill tract of land, and sawing them up into lumber or otherwise utilizing them for the benefit of the insolvent's estate. He further charged in his complaint that by the wrongful and deceitful acts of Gunnoldson the estate of the insolvent in his hands for distribution had been damaged to the amount of several thousands of dollars. The defendant answered the complaint and denied specifically its allegations, and set up by way of defense the fact that he had a lien upon the mill tract of land

for about nine hundred dollars, with interest, and that although he had a deed to the land in the form of bargain and sale, he only claimed it to be a mortgage to secure his debt, and upon the issue thus made up the case went to trial, a jury being waived. A judgment was rendered in the court below for the plaintiff against the defendant for the sum of nine hundred and twenty-five dollars, damages and costs; the defendant's mortgage was recognized as a lien upon the property to secure his debt and interest; and the plaintiff, subject to this lien, was declared to be the owner of the property set out in the deed to Gunnoldson from Lang. A motion for a new trial was made and denied, and this appeal was taken.

The specifications of the insufficiency of the evidence state, among other things, that the court found contrary to the evidence in its sixth, seventh, eighth, ninth and tenth findings of fact. The main questions under those findings were: Had the defendant wrongfully and fraudulently withheld possession of the mill tract of land from the plaintiff, after due notice to yield its possession, and that of the sawmill and logs and appurtenances? And, if so, whether, by these wrongful and fraudulent acts, the plaintiff had been kept out of possession of the mill, land, saw-logs, etc. And whether the defendant had thus caused damage to the estate of the insolvent in the hands of the assignee; and, if so, how much. It is plain that upon all these questions the evidence was conflicting, as a reference to the statement on motion for new trial—which is exceedingly full—shows. The letter of the defendant of itself makes it evident that he refused to deliver possession of the premises demanded of him. The testimony of John Meyer, P. Lang, Mrs. Annie Lang and J. Howser certainly went to prove the effort made by the defendant to induce the plaintiff to believe that he (the defendant) was the absolute owner of the land and sawmill standing on it, and would not yield the possession of them to him, perhaps with a view to a forced sale and the sacrifice of the saw-logs at such sale, which might in that event be bought by the defendant at a nominal price, perhaps with the view and hope that he might be permitted to hold on to the land and sawmill as an owner in fee simple.

The evidence tended to show that Gunnoldson wished to conceal from the plaintiff the exact nature of the deed from

33

Lang of the property in question; for we have seen that he never explained in the first instance to Meyer, the plaintiff's agent, to what extent his title, and the conveyance he held, really went. Had Gunnoldson intended to deal fairly with the assignee, he would, at the first interview with the agent, not only have offered in plain terms to give up the property, cancel the deed he held, if paid the debt he held against it, but he would have explained without hesitation the whole connection he had with it. Instead of pursuing this course, he chose rather to act differently. He went to a lawyer and caused the letter which is in evidence to be written, in which he not only declares that he will not give up the land on which stood the sawmill and lay the logs, but he even ridicules the pretensions of the assignee to demand it. The evidence makes manifest the fact that the saw-logs depreciated in value by reason of the plaintiff being unable to saw them up into lumber or otherwise utilize them, and that his efforts to do this in good faith were frustrated by those of the defendant, trying to induce the belief in the plaintiff that his title as assignee to the property was worthless and       )wn good. The plaintiff appears from the evidence to ha     done all that a prudent and honest man could, to recover    ,ssession of the land, sawmill and logs of timber and to · ,ilize them for the benefit of the insolvent's estate; and that he did not do so is entirely due to the conduct of the defendant, who sought to deceive him and embarrass his action, and succeeded in his efforts. And this deceitful conduct on the part of the defendant continued until the time had come when the saw-logs were practically worthless.

The evidence as to the quantity of the logs and their value was somewhat conflicting, but both quantity and value, as fixed by the court, were, we think, fair, taking all the testimony into consideration. The court allowed the plaintiff the value of the logs at the time when they could have been utilized for lumber or sold at seventeen hundred dollars; that is, four hundred and twenty-five thousand feet of saw-logs, at four dollars per thousand. This was fair. It then reduced this amount by the sum of three hundred and fifty dollars, which the evidence showed it would have cost the plaintiff to put the sawmill in repair in order to saw up the logs, and by the sum of four hundred and twenty-five dollars, which was

the value of the logs at the time when the defendant eschewed all claim to the land and mill, and first set up his mortgage claim only. That left the sum of nine hundred and twenty-five dollars as the actual damage the insolvent estate had suffered by the wrongful and fraudulent acts of the defendant, and for that sum of money and costs the court, as we think, was warranted, in view of all the evidence, in giving judgment in favor of the plaintiff. At best, the defendant can only claim that the evidence was conflicting, and that is not sufficient to overturn the findings of facts in a trial court.

The first specification of errors of law alleged by the defendant is that the court erred in overruling defendant's demurrer to the complaint. The transcript in the case does not disclose that any demurrer was ever filed or overruled in the case; hence, of course, this specification cannot be noticed here. As to the second specification, we think the facts clearly showed that the damages awarded by the court were legal and proper. So as to the third. As to the fourth specification, we think there was no error by the court. As to the fifth, the evidence alleged to have been improperly admitted was, we think, not incompetent, with a view of showing the diligence of plaintiff in endeavoring to utilize the saw-logs, and the difficulties that lay in the way of this desired action. As to the sixth exception, we think it proper to say that, even had it been incompetent, it could not have injured the defendant's cause, nor did it have that effect. As to the seventh exception, the ruling of the court was without error. As to the eighth specification, we think that, even if what followed the word "similar" in the answer of Lang to a question by the defendant's attorney was not strictly responsive to the question, and irrelevant, nevertheless, it could not have had. and did not have, any effect injurious to the defendant. In reference to the ninth specification, we are of opinion that the court rendered such a judgment upon the facts as found as was consistent with them.

For the court to have proceeded outside of the issues made by the pleadings, and ordered a sale of the premises under the mortgage held by the defendant, was not proper. The issue as to the mortgage matter, as made by the pleadings, was whether the conveyance of May 4, 1881, being on its face a deed in fee simple, was, under the facts evidenced in the case, void in toto for fraud or whether it was good as a mortgage

and not void; and upon that issue, as made, the court found properly, in our opinion.

For these reasons we think the judgment of the court, as well as its order denying the motion for a new trial, ought to be affirmed.

We concur: Searls, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.